# United States Court
## Middle District of Florida

Patrick D. Pearson
plaintiff

vs

New Tampa Bay Rentals LLC
Ed Smeltz et al.,
and
Money Tree USA LLC
Nikolay Shulgin
Nikolay Inkin et al.

no. 8:13 cv 371 T 17 TBM

Federal Rules of Civil Proceedure Rule 65

requests injunction, and restraining order, upon defendants.
as a protected class. Handicapped. 1985
(1) intentional, illegal

13 FEB -8 PM 3:30

FILED

Plaintiff is proceeding, pro se, forma pauperis
. plaintiff shall file a (multi staged) Complaint with this court February 11, 2013. Involving discrimination of the handicapped. Plaintiff February 8, 2013 has filed for Forma Pauperis Status 28 USC § 1915. There after complaint will be legally forthcoming and filed with court clerk.

Defendants, attempt to circumvent SB United States senate bill 2009
986 p 42 (Page 1). Attempting to evict plaintiff, from a foreclosed status property. (see, included documents)
Federal protection of renters act of 2009. Plaintiff
Contract initiated 10/15/2008

P.F.P

a

Plaintiff submits, evidentiary facts, of termination of electric, and water, therefore such retaliatory actions - are irrepreable harm - and such are purpose of injunctive relief (pg 3)

F.S. § 83.67 (i)(6).
(7) injunctive relief. (pg 13) utilities included

F.S. § 83 64. pg 3b

Plaintiff seeks injunctive relief, and ruling on legal steps, neccesary by defendants. And the protection guaranteed by Congressional Act of 2009 SB 986 at 42 for the plaintiff.

Patrick D. Pearson pro se
440 Sixth Street N        forma pauperis
St Petersburg, FL
          33701- 2897
(727) 265-6748

New Tampa Bay
Rentals LLC
     Ed Sweltz
2140 Ninth Ave N
St Petersburg, FL

Patrick D Pearson          February 8, 2013
_____    _____
         pro se .

(b)

# THREE DAY NOTICE
# TO PAY RENT OR DELIVER POSSESSION

TO: _Patrick Pearson_          DATE: _2-6-13_

_400 6th Street North Apt 13_

_St Petersburg, Fl 33701_

YOU ARE HEREBY NOTIFIED THAT YOU ARE INDEBTED TO US IN THE SUM OF:

$ _3000 00_

FOR THE RENT AND USE OF THE ABOVE REFERENCED PREMISES IN _Pinellas_
COUNTY, FLORIDA, NOW OCCUPIED BY YOU AND THAT WE DEMAND PAYMENT OF SAID RENT OR THAT
YOU SURRENDER POSSESSION OF THE SAID PREMISES WITHIN THREE (3) DAYS (EXCLUDING
SATURDAYS, SUNDAYS AND LEGAL HOLIDAYS) FROM THE DATE OF DELIVERY OF THIS NOTICE:

ON OR BEFORE THE __11__ DAY OF _February_ , 20 _13_ .

YOUR FAILURE TO COMPLY WITH THIS NOTICE MAY RESULT IN EVICTION PROCEEDINGS BEING
INSTITUTED AGAINST YOU PURSUANT TO SECTION 83 FLORIDA STATUTES. WE WILL RETAKE
POSSESSION FOR YOUR ACCOUNT IN THE EVENT YOU VACATE OR ARE EVICTED. YOU WILL BE HELD
LIABLE FOR PAST DUE RENT, AND, FUTURE RENT DUE UNDER THE FULL TERM OF YOUR RENTAL
AGREEMENT MINUS ANY RENT RECEIVED FROM RERENTING THE PREMISES, ANY CHARGES DUE UNDER
THE TERMS OF YOUR RENTAL AGREEMENT, DAMAGES TO THE PREMISES, ATTORNEYS' FEES AND
COURT COSTS.

_Ed Smeltz_
Owner/Agent Signature and Printed Name

_Coliseum Apt._
Property/Company Name

Property/Company Address _727-366-4748_
Telephone Number

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above notice was:

____ delivered to _____ by hand

_X_ posted on the premises described above in the tenants absence

on _2-6-13_ , 20 ___ .

By: _____
Owner/Agent

United States Senate Bill 986 at pg 42
2009

section.

"(E) RESTRICTION ON PUBLIC DISCLOSURE.—

"(i) IN GENERAL.—The Comptroller General may not publicly disclose proprietary or trade secret information obtained under this section.

"(ii) EXCEPTION FOR CONGRESSIONAL COMMITTEES.—This subparagraph does not limit disclosures to congressional committees or members thereof having jurisdiction over a private or public entity referred to under subparagraph (C).

"(iii) RULE OF CONSTRUCTION.—Nothing in this section shall be construed to alter or amend the prohibitions against the disclosure of trade secrets or other information prohibited by section 1905 of title 18, United States Code, section 714(c) of title 31, United States Code, or other applicable provisions of law.".

# TITLE VII—PROTECTING TENANTS AT FORECLOSURE ACT

## SEC. 701. SHORT TITLE.

This title may be cited as the "Protecting Tenants at Foreclosure Act of 2009".

## SEC. 702. EFFECT OF FORECLOSURE ON PREEXISTING TENANCY.

(a) IN GENERAL.—In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to—

(1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and

(2) the rights of any bona fide tenant, as of the date of such notice of foreclosure—

(A) under any bona fide lease entered into before the notice of

(3) In any event, this section does not apply if the landlord proves that the eviction is for good cause. Examples of good cause include, but are not limited to, good faith actions for nonpayment of rent, violation of the rental agreement or of reasonable rules, or violation of the terms of this chapter.

(4) "Discrimination" under this section means that a tenant is being treated differently as to the rent charged, the services rendered, or the action being taken by the landlord, which shall be a prerequisite to a finding of retaliatory conduct.

History.—s. 8, ch. 83-151; s. 450, ch. 95-147; s. 3, ch. 2003-72.

### 83.67 Prohibited practices.—

(1) A landlord of any dwelling unit governed by this part shall not cause, directly or indirectly, the termination or interruption of any utility service furnished the tenant, including, but not limited to, water, heat, light, electricity, gas, elevator, garbage collection, or refrigeration, whether or not the utility service is under the control of, or payment is made by, the landlord.

(2) A landlord of any dwelling unit governed by this part shall not prevent the tenant from gaining reasonable access to the dwelling unit by any means, including, but not limited to, changing the locks or using any bootlock or similar device.

(3) A landlord of any dwelling unit governed by this part shall not discriminate against a servicemember in offering a dwelling unit for rent or in any of the terms of the rental agreement.

(4) A landlord shall not prohibit a tenant from displaying one portable, removable, cloth or plastic United States flag, not larger than 4 and ½ feet by 6 feet, in a respectful manner in or on the dwelling unit regardless of any provision in the rental agreement dealing with flags or decorations. The United States flag shall be displayed in accordance with s. 83.52(6). The landlord is not liable for damages caused by a United States flag displayed by a tenant. Any United States flag may not infringe upon the space rented by any other tenant.

(5) A landlord of any dwelling unit governed by this part shall not remove the outside doors, locks, roof, walls, or windows of the unit except for purposes of maintenance, repair, or replacement; and the landlord shall not remove the tenant's personal property from the dwelling unit unless such action is taken after surrender, abandonment, recovery of possession of the dwelling unit due to the death of the last remaining tenant in accordance with s. 83.59(3)(d), or a lawful eviction. If provided in the rental agreement or a written agreement separate from the rental agreement, upon surrender or abandonment by the tenant, the landlord is not required to comply with s. 715.104 and is not liable or responsible for storage or disposition of the tenant's personal property; if provided in the rental agreement, there must be printed or clearly stamped on such rental agreement a legend in substantially the following form:

BY SIGNING THIS RENTAL AGREEMENT, THE TENANT AGREES THAT UPON SURRENDER, ABANDONMENT, OR RECOVERY OF POSSESSION OF THE DWELLING UNIT DUE TO THE DEATH OF THE LAST REMAINING TENANT, AS PROVIDED BY CHAPTER 83, FLORIDA STATUTES, THE LANDLORD SHALL NOT BE LIABLE OR RESPONSIBLE FOR STORAGE OR DISPOSITION OF THE TENANT'S PERSONAL PROPERTY.

For the purposes of this section, abandonment shall be as set forth in s. 83.59(3)(c).

(6) A landlord who violates any provision of this section shall be liable to the tenant for actual and consequential damages or 3 months' rent, whichever is greater, and costs, including attorney's fees. Subsequent or repeated violations that are not contemporaneous with the initial violation shall be subject to separate awards of damages.

(7) A violation of this section constitutes irreparable harm for the purposes of injunctive relief.

(8) The remedies provided by this section are not exclusive and do not preclude the tenant from pursuing any other remedy at law or equity that the tenant may have. The remedies provided by this section shall also apply to a servicemember who is a prospective tenant who has been discriminated against under subsection (3).

History.—s. 3, ch. 87-369; s. 7, ch. 88-379; s. 3, ch. 90-133; s. 3, ch. 96-146; s. 2, ch. 2001-179; s. 2, ch. 2003-30; s. 4, ch. 2003-72; s. 1, ch. 2004-236; s. 2. ch. 2007-136.

### 83.681 Orders to enjoin violations of this part.

(1) A landlord who gives notice to a tenant of the landlord's intent to terminate the tenant's lease pursuant to s. 83.56(2)(a), due to the tenant's intentional destruction, damage, or misuse of the landlord's property may petition the county or circuit court for an injunction prohibiting the tenant from continuing to violate any of the provisions of that part.

(2) The court shall grant the relief requested pursuant to subsection (1) in conformity with the principles that govern the granting of injunctive relief from threatened loss or damage in other civil cases.

(3) Evidence of a tenant's intentional destruction, damage, or misuse of the landlord's property in an amount greater than twice the value of money deposited with the landlord pursuant to s. 83.49 or $300, whichever is greater, shall constitute irreparable harm for the purposes of injunctive relief.

History.—s. 8, ch. 93-255; s. 451, ch. 95-147.

### 83.682 Termination of rental agreement by a servicemember.—

(1) Any servicemember may terminate his or her rental agreement by providing the landlord with a written notice of termination to be effective on the date stated in the notice that is at least 30 days after the landlord's receipt of the notice if any of the following criteria are met:

(a) The servicemember is required, pursuant to a permanent change of station orders, to move 35 miles or more from the location of the rental premises;

(b) The servicemember is prematurely or involuntarily discharged or released from active duty or state active duty;

(c) The servicemember is released from active duty or state active duty after having leased the rental

Case Records Home New Civil Search Refine Search  Back                                    Location : Pinellas County   Help

# CASE SUMMARY
## CASE NO. 12-010052-CO

| PATRICK D PEARSON Vs. NEW TAMPA BAY RENTALS LLC, et al | § § § § § § § | | |
|---|---|---|---|
| | | Case Type: | OTHER CIVIL - COUNTY |
| | | Date Filed: | 10/31/2012 |
| | | Location: | Section 40 |
| | | Judicial Officer: | JAGGER, EDWIN |
| | | UNIFORM CASE NUMBER: | 522012CC010052XXCOCO |

## PARTY INFORMATION

|  |  |  | Attorneys |
|---|---|---|---|
| DEFENDANT | NEW TAMPA BAY RENTALS LLC | | CHARLES V BARRETT, III |
| | | | *Retained* |
| | 2152 9TH AVE N | | ATTORNEY AT LAW |
| | ST PETERSBURG, FL 33713 | | 307 S FIELDING AVE |
| | | | TAMPA, FL 33606 |
| | | | 813-250-9797 (W) |
| | | | |
| DEFENDANT | SB HOLDINGS PINELLAS LLC STEARNS BANK LLC | | |
| | 2152 9TH AVE N | | |
| | ST PETERSBURG, FL 33713 | | |
| | | | |
| PLAINTIFF | PEARSON, PATRICK D | | |
| | APT 12-B | | |
| | 440 SIXTH ST N | | |
| | ST PETERSBURG, FL 33701 | | |

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 12/19/2012 | CERTIFICATE OF MAILING |
| | *PLTF'S MOTN CONTINUANCE* |
| | Party: BARRETT, CHARLES V, III |
| 12/18/2012 | PLTF/PET'S MOTION FOR CONTINUANCE |
| | *ETC PRO SE* |
| 12/07/2012 | NOTICE OF HEARING |
| | *121912 2:15* |
| 12/03/2012 | CERTIFICATE OF MAILING |
| | *PLTF'S MOTN PARTIAL SUMM JDMT* |
| | Party: BARRETT, CHARLES V, III |
| 11/30/2012 | PLTF/PET'S MOTION |
| | *FOR PARTIAL SUMMARY JUDGMENT PRO SE* |
| 11/28/2012 | MOTION DISMISS - FAIL STATE CAUSE OF ACTION |
| 11/16/2012 | NOTICE OF APPEARANCE |
| 11/07/2012 | SUMMONS - RETURNED SERVED: |
| | *110512* |
| | Party: NEW TAMPA BAY RENTALS LLC |
| 11/07/2012 | SUMMONS - RETURNED NOT SERVED: |
| | Party: SB HOLDINGS PINELLAS LLC STEARNS BANK LLC |
| 11/02/2012 | ADD CASE TO TRAKMAN |
| 10/31/2012 | CASE FILED |
| | Party: NEW TAMPA BAY RENTALS LLC |
| | Party: SB HOLDINGS PINELLAS LLC STEARNS BANK LLC |
| 10/31/2012 | COMPLAINT |
| 10/31/2012 | CIVIL COVER SHEET |
| 10/31/2012 | APPLICATION FOR INDIGENT STATUS APPROVED |
| 10/31/2012 | COURT APPROVAL-CLK INDIGENCY DETERMINATION |
| 10/31/2012 | SUMMONS TO SHERIFF: |
| | Party: NEW TAMPA BAY RENTALS LLC |
| | Party: SB HOLDINGS PINELLAS LLC STEARNS BANK LLC |

## FINANCIAL INFORMATION

| | |
|---|---|
| PLAINTIFF PEARSON, PATRICK D | |
| Total Financial Assessment | 320.00 |
| Total Payments and Credits | 0.00 |
| Balance Due as of 12/21/2012 | 320.00 |

*retaliatory action, prohibited*

F.S § 83.64 (1a)
(2)

(3b)

(2) In an action by the landlord for possession of a dwelling unit, if the tenant interposes any defense other than payment, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent which accrues during the pendency of the proceeding, when due. The clerk shall notify the tenant of such requirement in the summons. Failure of the tenant to pay the rent into the registry of the court or to file a motion to determine the amount of rent to be paid into the registry within 5 days, excluding Saturdays, Sundays, and legal holidays, after the date of service of process constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon. In the event a motion to determine rent is filed, documentation in support of the allegation that the rent as alleged in the complaint is in error is required. Public housing tenants or tenants receiving rent subsidies shall be required to deposit only that portion of the full rent for which the tenant is responsible pursuant to federal, state, or local program in which they are participating.

History.—s. 2, ch. 73-330; s. 7, ch. 83-151; s. 7, ch. 87-195; s. 7, ch. 93-255; s. 7, ch. 94-170; s. 1374, ch. 95-147.

### 83.61 Disbursement of funds in registry of court; prompt final hearing.—When the tenant has deposited funds into the registry of the court in accordance with the provisions of s. 83.60(2) and the landlord is in actual danger of loss of the premises or other personal hardship resulting from the loss of rental income from the premises, the landlord may apply to the court for disbursement of all or part of the funds or for prompt final hearing. The court shall advance the cause on the calendar. The court, after preliminary hearing, may award all or any portion of the funds on deposit to the landlord or may proceed immediately to a final resolution of the cause.

History.—s. 2, ch. 73-330; s. 2, ch. 74-146.

### 83.62 Restoration of possession to landlord.—
(1) In an action for possession, after entry of judgment in favor of the landlord, the clerk shall issue a writ to the sheriff describing the premises and commanding the sheriff to put the landlord in possession after 24 hours' notice conspicuously posted on the premises.

(2) At the time the sheriff executes the writ of possession or at any time thereafter, the landlord or the landlord's agent may remove any personal property found on the premises to or near the property line. Subsequent to executing the writ of possession, the landlord may request the sheriff to stand by to keep the peace while the landlord changes the locks and removes the personal property from the premises. When such a request is made, the sheriff may charge a reasonable hourly rate, and the person requesting the sheriff to stand by to keep the peace shall be responsible for paying the reasonable hourly rate set by the sheriff. Neither the sheriff nor the landlord or the landlord's agent shall be liable to the tenant or any

other party for the loss, destruction, or damage to property after it has been removed.

History.—s. 2, ch. 73-330; s. 3, ch. 82-66; s. 5, ch. 88-379; s. 8, ch. 94-1 1375, ch. 95-147; s. 2, ch. 96-146.

### 83.625 Power to award possession and e1 money judgment.—In an action by the landlord possession of a dwelling unit based upon nonpayn of rent, if the court finds the rent is due, owing, unpaid and by reason thereof the landlord is entitle possession of the premises, the court, in additio awarding possession of the premises to the land shall direct, in an amount which is within its jurisdicti limitations, the entry of a money judgment with co: favor of the landlord and against the tenant for amount of money found due, owing, and unpaid b tenant to the landlord. However, no money judg shall be entered unless service of process has effected by personal service or, where authorize law, by certified or registered mail, return receipt, any other manner prescribed by law or the rules c court; and no money judgment may be entered exc compliance with the Florida Rules of Civil Proce The prevailing party in the action may also be aw attorney's fees and costs.

History.—s. 1, ch. 75-147; s. 8, ch. 87-195; s. 6, ch. 88-379.

### 83.63 Casualty damage.—If the premise damaged or destroyed other than by the wron( negligent acts of the tenant so that the enjoyment premises is substantially impaired, the tenan terminate the rental agreement and immediately the premises. The tenant may vacate the part premises rendered unusable by the casualty, in case the tenant's liability for rent shall be reduced fair rental value of that part of the premises dama destroyed. If the rental agreement is terminate landlord shall comply with s. 83.49(3) [F.S. 197

History.—s. 2, ch. 73-330; s. 449, ch. 95-147.

### 83.64 Retaliatory conduct.—
(1) It is unlawful for a landlord to discrimi increase a tenant's rent or decrease service tenant, or to bring or threaten to bring an ac possession or other civil action, primarily beca landlord is retaliating against the tenant. In orde tenant to raise the defense of retaliatory cond tenant must have acted in good faith. Exan conduct for which the landlord may not retaliate but are not limited to, situations where:

(a) The tenant has complained to a gover agency charged with responsibility for enforcer building, housing, or health code of a su violation applicable to the premises;

(b) The tenant has organized, encouraged, cipated in a tenants' organization;

(c) The tenant has complained to the pursuant to s. 83.56(1); or

(d) The tenant is a servicemember who h nated a rental agreement pursuant to s. 83.6

(2) Evidence of retaliatory conduct may be the tenant as a defense in any action brougl him or her for possession.

3

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA
## CIVIL DIVISION

STEARNS BANK NATIONAL ASSOCIATION,
as successor to First State Bank by asset acquisition
from the Federal Deposit Insurance Corporation as
receiver for First State Bank,

     Plaintiff,

v.

HIGHEST OCEANS L.L.C., a Florida
corporation, a/k/a THE HIGHEST OCEANS, LLC,
SAMI Z. ANANI, an individual, CHARLES
RUTENBERG REALTY, INC., a Florida
corporation, a/k/a CHARLES RUTTENBERG
REALTY, INC. f/u/b/o DENNIS TONGE and
UNKNOWN TENANT(S),

     Defendants.
_____/

Case No. 11-11693CI 019
5220\1CA0\\693XXCICI

### COMPLAINT FOR COMMERCIAL FORECLOSURE AND OTHER RELIEF

Plaintiff, Stearns Bank National Association ("**Stearns Bank**"), as successor to First

State Bank by asset acquisition from the Federal Deposit Insurance Corporation (the "**FDIC**") as

receiver for First State Bank, sues Defendants, HIGHEST OCEANS L.L.C., a Florida

corporation, a/k/a THE HIGHEST OCEANS, LLC ("**Highest Oceans**"), SAMI Z. ANANI, an

individual ("**Anani**"), CHARLES RUTENBERG REALTY, INC., a Florida corporation, a/k/a

CHARLES RUTTENBERG REALTY, INC., f/u/b/o DENNIS TONGE, ("**Rutenberg**") and

Unknown Tenant(s), and alleges the following:

10.     The Note is secured by a Mortgage (the "**Mortgage**") encumbering the Property. The Mortgage was recorded in Official Records Book 15948, Pages 1655-1664, of the Public Records of Pinellas County, Florida. A true and correct copy of the Mortgage is attached as **Exhibit C.**

11.     As additional security for the Loan, Highest Oceans executed an Assignment of Rents in favor of First State Bank (the "**Assignment of Rents**"). A true and correct copy of the Assignment of Rents, recorded in Official Records Book 15948, Pages 1665-1671, of the Public Records of Pinellas County, Florida, is attached as **Exhibit D**.

12.     On August 22, 2007, contemporaneous with the execution of the Note and Mortgage, Anani executed and delivered to First State Bank a Commercial Guaranty ("**Guaranty**"). Pursuant to the Guaranty, Anani guaranteed Highest Oceans' obligations under the Note and Mortgage. A true and correct copy of the Guaranty is attached as **Exhibit E**.

13.     The Note, the Mortgage, the Assignment of Rents, the Guaranty, and any other document that evidences or secures the Loan shall be collectively referred to herein as the "**Loan Documents.**"

14.     On or about August 7, 2009, the Florida Office of Financial Regulation closed First State Bank and appointed the FDIC as its receiver.

15.     The FDIC subsequently assigned the Loan Documents to Stearns Bank by an Assignment of Mortgage dated April 8, 2010, which was recorded on April 28, 2010, in Official Records Book 16898, Page 414, of the public records of Pinellas County, Florida (the "**Assignment of Mortgage**"), Assignment and Bill of Sale, and Allonge to Note. True and correct copies of the Assignment of Mortgage and Assignment and Bill of Sale are attached as **Exhibits F and G**, respectively. The Allonge to Note is attached to the Note (Exhibit B hereto).

-3-

*MCA011693 - SEL*

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA

STEARNS BANK NATIONAL
ASSOCIATION, as successor to First State Bank
by asset acquisition from the Federal Deposit
Insurance Corporation as receiver for First State
Bank,

      Plaintiff,

v.

                                                   Case No. 11-11693-CI-19

HIGHEST OCEANS L.L.C., a Florida
corporation, a/k/a THE HIGHEST OCEANS,
LLC, SAMI Z. ANANI, an individual,
CHARLES RUTENBERG REALTY, INC., a
Florida corporation, a/k/a CHARLES
RUTTENBERG REALTY, INC. f/u/b/o DENNIS
TONGE and UNKNOWN TENANT(S),

      Defendants.
_____/

### AMENDED UNIFORM FINAL JUDGMENT OF FORECLOSURE

      THIS MATTER came before the Court on the parties' stipulation to a final judgment of foreclosure. After consideration of all evidence presented, this Court rules as follows:

IT IS ADJUDGED that:

1.    If applicable, Plaintiff has submitted a Certificate of Compliance with Foreclosure Procedures in compliance with Administrative Order 2010-025 PA/PI-CIR, Administrative Order 2012-002, or any subsequent Administrative Order.

2.    VALUE OF CLAIM: At the initiation of this action, in accordance with section 28.241(1)(a)2.b., Florida Statutes (effective for actions filed on and after June 1, 2009), Plaintiff estimated the amount in controversy of the claim to be $651,531.91. In accordance with section 28.241(1)(a)2.c., Florida Statutes, the Court identifies the actual value of the claim to be $845,495.41, as set forth below, plus $446.25 in per diem interest from June 12, 2012, through the day of judgment. For any difference between the estimated amount in controversy and the actual value of the claim that requires the filing fee to be adjusted, the Clerk shall adjust the filing fee. In determining whether the filing fee needs to be adjusted, the following graduated filing fee scale in section 28.241(1)(a)2.d., Florida Statutes, controls:

| $400 | Value of claim less than or equal to $50,000 with 5 defendants or less |
| --- | --- |
| $905 | Value of claim greater than $50,000 but less than $250,000 with 5 |

QB\17192517.1

6

7.     Plaintiff shall advance all subsequent required costs of this action. Except for publishing costs supported by an affidavit, reimbursement or credit for such costs shall be by court order based upon a written motion and adjudication at a hearing with notice. If a third party bidder is the purchaser, the third party bidder must pay the documentary stamps attached to the certificate of title in addition to the bid.

8.     If the Plaintiff incurs additional expenses subsequent to the entry of this final judgment but prior to the sale date specified in paragraph 6, Plaintiff may, by written motion served on all parties and adjudication at a hearing with notice, seek to amend this final judgment to include said additional expenses.

9.     On the filing of the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate, unless the property is purchased by a third party bidder; third, Plaintiff's attorneys' fees; fourth, the total sum due to the Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 4 from this date to the date of the sale; and by retaining any remaining amount pending further Order of this Court.

10.    On filing of the Certificate of Sale, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property except as provided in the Protecting Tenants at Foreclosure Act of 2009, Pub. L. No. 111-22, §129, Stat. 1660, or as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. On filing of the Certificate of Sale, Defendant's right of redemption as provided by section 45.0315, Florida Statutes shall be terminated.

11.    The Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that 88.7 hours were reasonably expended by Plaintiff's counsel and that and hourly rate of $295.00 is appropriate. PLAINTIFF'S COUNSEL CERTIFIES THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to *Florida Patient's Compensation v. Rowe*, 427 So. 2d 1145 (Fla. 1985), and the Court therefore has awarded reasonable attorney's fees in the amount indicated in paragraph 3 of this Judgment.

12.    IMPORTANT INFORMATION PROVIDED pursuant to section 45.031, Florida Statutes:

    IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

    IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

WinRDE - PRODUCTION

CAMA  Edit  Action  Detail  Navigate  Bookmarks  Plugins  Tools  Search  Help

| Parcel #: | 19-31-17-19758-000-0080 | Parcel Status: | < No Status Selected > | Homestead %: 0.00% | Cap Base Year: | Maintenance: 09/21/2012 |

| Use Code: | 0311  Apartments (10 units to 49 units) | Neighborhood: | 5200  AREA = 52: NEB is NULL | Ownership %: 0.00% | Database: PRODUCTION |

**Owner Names (1)** | **Tenancy (1)**

| # | Owner Name | M | Role | G# |
|---|---|---|---|---|
| 1 | MONEY TREE USA LLC | O | P | 1 |

**Owner Address**

Address: PO BOX 3457
Address:
City: SEMINOLE
State: FL   Zip: 33775
Country:

**Legal Lines (2)**

| # | Legal Description |
|---|---|
| 1 | CROUSE'S |
| 2 | LOTS H & I |

Site Address: 440  6TH ST N, ST PETERSBURG  33701
Mail To:

✓ Reconcile | Blended Value | Comm Sales Comp
Summary | Taxable | Cost | Income

Primary Method: Reconcile

| Maximum Cap: | $0 |
| Just Value: | $665,000 |
| Deferred: | $0 |
| Assessed (Cap) Val: | $665,000 |
| HX Exemption: | $0 |
| Widow/Disab/Hist/Sr.: | $0 |
| T&P/Govt/Inst/Vet Disc: | $0 |
| Base Taxable Value: | $665,000 |

<LAUNCH BROWSER LINK>  Launch          Record 1 of 9

**All Sales** | Sale Detail | Account Characteristics | Appraiser Notes

| # | M | OR Book | OR Page | Date of Sale | Recorded Date | Instr | Qual. | Imp. | O... | Q/DQ | Change Code | Doc Stamps | Sales Price | Grantor | Grantee | Posted By | Sales/Appraiser Note |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 17783 | 1064 | 11/01/2012 | 11/14/2012 | DD | | ✓ | | 12 | | 3185.00 | $455,000 | SB PINELLAS HOLDINGS LLC | MONEY TREE US... | btaylor | |
| 2 | | 17748 | 0515 | 10/09/2012 | 10/12/2012 | DD | ✓ | ✓ | ✓ | 78 | | 0.70 | $100 | HIGHEST OCEANS LLC ANANI SAMI Z | SB PINELLAS HOL... | btaylor | |
| 3 | | 15949 | 1653 | 08/23/2007 | | DD | ✓ | ✓ | | | | 7000.00 | $1,000,000 | GULF WINDS HOLDINGS INC | HIGHEST OCEANS | DM | |
| 4 | | 14033 | 0046 | 12/30/2004 | | DD | ✓ | ✓ | | | | 6594.00 | $942,000 | COLISEUM APARTMENTS INC | GULF WINDS HOL... | DM | |
| 5 | | 11519 | 0304 | 08/08/2001 | | DD | ✓ | ✓ | ✓ | | | 2408.00 | $344,000 | BEREA ENTERPRISES | COLISEUM APAR... | DM | |
| 6 | | 10973 | 0373 | 01/14/1999 | | DD | ✓ | ✓ | ✓ | | | 2800.00 | $400,000 | GERMACK WALTER J GERMACK ROSE M | BEREA ENTERPRI... | SS | |
| 7 | | 09627 | 0880 | 03/04/1997 | | DD | | ✓ | | G | | 0.70 | $100 | GERMACK WALTER J GERMACK ROSE M | GERMACK WALT... | BU | |
| 8 | | 06146 | 0684 | | | | ✓ | | | Q | | 0.00 | $250,000 | | | | MONTH/YEAR OF SALE 1/1986 |
| 9 | | 05468 | 0277 | | | | | | | U | | 0.00 | $165,000 | | | | MONTH/YEAR OF SALE 2/1983 |

**Related Sales**

| Account # | OR Book | OR Page | Date of Sale | Instr | Q/DQ | Qualified | Improved | Doc Stamps | Sales Price | Grantee | Grantor |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | $0 | | |

Maintenance Data

Account Detail (1) | Land Lines (2) | Buildings (3) | Extra Features (4) | Exemptions (5) | Notes & Rel (6) | Site & Flags (7) | **Sales History (8)** | Permits (9) | Work Flow (/) | Attachments (*) | GIS (-)

Logged in as "bcorbie"   Account # Order   Maintenance Mode

WinRDE - PRODUCTION 4.23.02.01                                                    12/21/2012 3:03:28 PM

*[Handwritten annotations in right margin:]* Successor to foreclosed entity / Money Tree USA LLC (P 9 of P 42) SB (P 986 of P 42)

# Edwin Bryant Jagger

**Member of the Judiciary**

| | |
|---|---|
| ID Number: | 898929 |
| Address: | 545 1st Ave N Ste 200 |
| | St Petersburg, Florida 337013705 |
| | United States |
| Phone: | 727.5827788 |
| E-Mail: | |
| vCard: | ? |
| County: | Pinellas |
| Circuit: | 6 |
| Admitted: | 10/07/1991 |
| Judicial Position: | County |
| 10-Year Discipline History | None |

The Find A Lawyer directory provides limited basic information about attorneys licensed to practice in Florida and is provided as a public service by The Florida Bar. The information contained herein is provided "as is" with no warranty of any kind, express or implied. The Florida Bar, its Board of Governors, employees, and agents thereof are not responsible for the accuracy of the data. Much of the information is provided by the attorney and it is the attorney's responsibility to review and update the information. Publication of attorneys' contact information within this listing should not be construed as their consent to receive unsolicited communications in any form. Certain unauthorized uses of this data may result in civil or criminal penalties. The Find A Lawyer directory is not a lawyer referral service.

*[Revised: 07-03-2012]*

© 2005 The Florida Bar |  Disclaimer | Top of page |  **PDF**

9

IN THE COUNTY COURT, IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION
Case No. 12-10052-CO-40
UCN: 522012010052XXCOCO

PATRICK D. PEARSON,
              Plaintiff,

vs.

NEW TAMPA BAY RENTALS, LLC, a Florida limited
liability company; SB PINELLAS HOLDINGS, LLC, a
Florida limited liability company; and STEARNS BANK,
LLC,
              Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS FILED BY DEFENDANT, NEW TAMPA BAY RENTALS, LLC

THIS CAUSE came on for hearing on the Motion to Dismiss filed by Defendant, NEW TAMPA BAY RENTALS, LLC, at 2:15 p.m., December 19, 2012. Attorney for NEW TAMPA BAY RENTALS, LLC, appeared telephonically, and Plaintiff, PATRICK D. PEARSON, failed to appear after being duly noticed of this hearing. The court being fully advised in the premises, it is

ADJUDGED and ORDERED as follows:

1.     The Motion to Dismiss filed by Defendant, NEW TAMPA BAY RENTALS, LLC, is hereby granted, with leave granted for Plaintiff to amend the Complaint herein within twenty (20) calendar days of this Order.

2.     Any such Amended Complaint must be filed with the court and served upon the Defendants within twenty (20) calendar days of the date of this Order.

DONE AND ORDERED at Pinellas County, Florida, this _____ day of December, 2012.

_____
COUNTY JUDGE

*Original Signed*

JAN 0 2 2013
EDWIN B. JAGGER
County Judge

COPIES FURNISHED TO:
CHARLES V. BARRETT III, ESQUIRE
PATRICK D. PEARSON, 440 Sixth Street North, 12B, St. Petersburg, FL 33701
PATRIC D. PEARSON, 440 Sixth Street North, Apt. #128, St. Petersburg, FL 33701

Florida Statutes
§ 83.67 (1)(6)(7)

§ 83.64 retribution for
Lawsuit ~



11

Progress Energy

November 30, 2012

PATRICK D PEARSON
440 6TH ST N UNIT 12
ST PETERSBURG, FL. 33701

RE: Account #93685-04491

Dear PATRICK D PEARSON:

**Nedco Property Management LLC.**
**P.O Box 629 Saint Petersburg Fl, 33731**
**(727)320-5858**

Patrick D. Pearson  ID#6-5-664-55-310-0

440 Sixth StreeT N-12B City ST Pete  Zip 33701

_____  ID#___-___-___-___

_____  City_____  Zip_____

of adults 1  Number of children____  Number of pets____

(___)___-___ Work#(___)___-___ Emergency contact#(___)___-___

- **Check out time is 12:00 Noon**
**Maid service is available at additional charge**

ting this agreement I fully understand that facility is not my legal residents and is run and
d as Hotel/Motel license. I agree to move my belongings out if I cannot pay the rent for the
am due. I may be refused admission or ejected at anytime without refund if the management or
deems me undesirable to stay on the premises.

ess or distribute controlled substance(DRUGS)
dicated/Profanity or lewd conduct
rb the peace in anyway around any other guests
to make payment at the agreed time and or agreed rental rate
to check out by the agreed check out date

**NO REFUNDS and a 10% LATE FEE**

Patrick D Pearson
_____        _____
        Signature                              Signature

10,15,08                              ___/___/___
        Date                                    Date

m#12B Rate470 Weekly/Monthly  Check in:10/15/08  Check out:___/___/___
    utilities included

13

